## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 50185 | DATE | 12/28/2012 |
| CASE TITLE | U.S.A. vs. Michael Jackson | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the Rule 60(b)(6) motion in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]  Notices mailed by Judicial Staff.

### STATEMENT - OPINION

Michael Jackson, a federal prisoner, on December 26, 2012, filed a pro se motion pursuant to Fed. R. Civ. P. 60(b)(6) challenging this court's denial on September 29, 2012, of his motion under 28 U.S.C. § 2255. Jackson claims this court should reconsider his § 2255 motion because he was denied counsel under Rule 8© of the Rules Governing Section 2255 Proceedings during the evidentiary hearing on his § 2255 motion. He also contends the court erred in its order denying his § 2255 motion regarding its discussion of the calculation of his guideline range.

As an initial matter the court must determine whether it has jurisdiction to consider the Rule 60(b)(6) motion. A Rule 60(b) motion in a collateral proceeding under § 2255 that attacks the merits of a district court's decision must be treated as a new application for collateral review and is barred unless the required permission for such a successive collateral attack is obtained from the Court of appeals. Phillips v. United States, 668 F. 3d 433, 435 (7th Cir. 2012). The Rule 60 (b)(6) motion here consists of two claims: one that challenges the proceedings on the § 2255 motion and the other that challenges the ruling on the merits. Therefore, the court has jurisdiction to consider the claim related to the denial of an attorney under Rule 8©. The court, however, lacks jurisdiction to consider the claim related to the guideline range as Jackson has not obtained permission from the Court of Appeals to seek such collateral relief.

Having determined jurisdiction to consider the Rule 60(b)(6) motion, the court finds the motion to be untimely. A motion under Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Here, Jackson waited over two years to file his Rule 60(b)(6) motion. He was free to file it at any time following the denial of his § 2255 motion, including the time his appeal was pending. See Ameritech Corp. v. International Brotherhood of Electrical Workers, Local 21, 543 F. 3d 414, 418-19 (7th Cir. 2008). The issues raised in the Rule 60(b)(6) motion could have been raised at anytime following denial of the § 2255 motion and Jackson does not suggest otherwise.[1] Therefore, the court denies the Rule 60(b)(6) motion on that basis.

Alternatively, the court rejects both contentions as they were effectively barred in the appeal from the denial of the § 2255 motion when the Court of Appeals denied Jackson a certificate of appealability. Jackson

**STATEMENT - OPINION**

cannot now raise claims via a Rule 60(b)(6) motion that were foreclosed by his appeal.

Further, as to the claim regarding appointment of counsel under Rule 8©, while there is no Sixth Amendment right to counsel in a § 2255 proceeding, Rule 8© requires appointment of counsel for purpose of any evidentiary hearing. Rauter v. United States, 871 F. 2d 693, 695-96 (7th Cir. 1989). Jackson, however, has not suggested or shown that he was prejudiced by the court's failure to do so here. The singular issue at the evidentiary hearing was whether Jackson requested his trial attorney to file a direct appeal. Because Jackson claimed that he himself did, and did not assert that there were any witnesses to that effect other than himself and his attorney, the matter was one of credibility as to him and his attorney. Thus, the only evidence necessary at the hearing was the testimony of Jackson, his attorney, and some letters between the two. Jackson does not, nor can the court, identify any prejudice that resulted from the absence of an attorney in light of this narrow evidentiary issue. See Rauter, 871 F. 2d at 697. Therefore, even if Jackson could properly raise the denial-of-counsel claim at this time it would be denied.

For the foregoing reasons, the court denies the Rule 60(b)(6) motion in its entirety.

1. By stating that the issues could have been raised at anytime, the court recognizes that the issue related to the sentencing guidelines could only have been raised by first seeking approval in the Court of Appeals.